IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| AMANDA THARP, as parent and natural guardian of NATHAN THARP, a minor, AND PATRICK THARP, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | Case No. 5:13-3371<br>(formerly C.A. No. 12-C-265 in the Cir. Ct. of Greenbrier County, W. Va.) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the defendant, General Electric Company ("GE"), submits this Notice of Removal of the civil action styled *Amanda Tharp, et al. vs. General Electric Company* filed in the Circuit Court of Greenbrier County, West Virginia, Docket No. 12-C-265, Div. (R), on the ground that this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et seq.*, diversity of citizenship exists between Plaintiff and GE, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## BACKGROUND

1. On December 21, 2012, Plaintiff filed her original Complaint in the Circuit Court of Greenbrier County, West Virginia. A copy of the original Complaint, which was never served, is attached as Exhibit 1.

2. On January 31, 2013, Plaintiff Filed her First Amended Complaint in the Circuit Court of Greenbrier County, West Virginia. The First Amended Complaint alleges claims of

strict liability, negligence and/or wantonness, and breach of warranty against GE. She also seeks punitive damages. (*See* First Amended Complaint, attached as Exhibit 2.)

2. GE's agent for process was served with copies of a summons and the First Amended Complaint on February 5, 2013. A copy of the Summons is attached as Exhibit 3. A copy of the Return of Service is attached as Exhibit 4.

3. A certified copy of the docket sheet is attached hereto as Exhibit 5. Accordingly, a copy of all documents filed in the state court action as well as the docket sheet are attached to this Notice of Removal as required by 28 U.S.C.A. § 1446(a).

## REMOVAL IS TIMELY

4. This Notice of Removal is timely as it is being filed within thirty (30) days after GE's authorized agent first received what purports to be service of a summons and the First Amended Complaint setting forth the alleged claims for relief upon which this action or proceeding is based. 28 U.S.C. § 1446(b).

## THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332 - DIVERSITY OF CITIZENSHIP

5. Removal under 28 U.S.C. § 1441 *et seq.* is appropriate because this case is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and GE. *See* 28 U.S.C. §§ 1332 & 1441.

6. The United States District Court for the Southern District of West Virginia includes the county in which the state court action is now pending (Greenbrier). Thus, removal to this Court is appropriate. *See* 28 U.S.C. § 1446(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

7. The jurisdictional amount in controversy is satisfied as Plaintiff states in her First Amended Complaint that she seeks a monetary judgment for compensatory damages "in an amount greatly in excess of the minimum jurisdictional limits of this Court." (*See* First Amended Complaint, Exhibit 2, at unnumbered final paragraph.) Plaintiff also seeks to recover punitive damages. *Id.*

8. According to *McPhail v. Deere & Co.*, 529 F.3d 947,955 (10th Cir. 2008), "the defendant must affirmatively establish jurisdiction by providing jurisdictional *facts* that made it *possible* that $75,000 was in play. . . ." (emphasis in original). As *McPhail* explains, a "complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." 529 F.3d at 955. Once the underlying jurisdictional facts are proven, the defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. *Id.* at 954.

9. Plaintiff further alleges that each of her two minor children has sustained "first, second and third degree burns over much of his body," physical pain and suffering, mental and emotional pain and suffering, loss of capacity for the enjoyment of life, physical impairment, disfigurement, medical expenses, and lost earning capacity. (First Amended Complaint at ¶¶ 60-62.)

10. Given the serious nature of Plaintiff's allegations and that Plaintiff seeks damages "greatly in excess of the minimum jurisdictional limits of" the state court, it is facially apparent

from Plaintiff's First Amended Complaint that the amount in controversy exceeds the jurisdictional minimum of this Court.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN ALL PROPERLY JOINED DEFENDANTS

11. Diversity of citizenship is determined by the citizenship of parties as of the date of the filing of the original First Amended Complaint.

12. According to the First Amended Complaint, Plaintiff was at all relevant times a resident citizen of Greenbrier County, West Virginia. (*See* First Amended Complaint, Exhibit 2, ¶ 1).

13. GE is a corporation organized under the laws of the State of New York with its principal place of business in the State of Connecticut.

14. Thus, at the time Plaintiff's First Amended Complaint was filed, the only defendant to this action was a citizen of a state other than West Virginia. *See* 28 U.S.C. § 1332(c)(1). Therefore, complete diversity exists.

## NOTICE GIVEN

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff through her counsel of record. Further, notice of the filing of this Notice of Removal has been sent to the court clerk for the Circuit Court of Greenbrier County, West Virginia.

## PRESERVATION OF RIGHTS

16. By removing this action to this Court, GE does not waive any defenses, objections, or motions available to it under state or federal law. GE expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to the Federal Rules of Civil Procedure.

17. If any question arises as to the propriety of this removal, GE requests the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of its position that this civil action is properly removable. *See McPhail*, 529 F.3d at 954.

WHEREFORE, based on the foregoing, GE gives notice that the above-captioned matter is hereby removed to the United States District Court for the Southern District of West Virginia, and hereby requests that this Court retain jurisdiction for all further proceedings herein.

GENERAL ELECTRIC COMPANY,

Defendant,

BY COUNSEL:

*/s/ PJC*

DAVID B. THOMAS (WVSB # 3731)
PHILIP J. COMBS (WVSB # 6056)
ROBERT H. AKERS (WVSB # 9622)
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
P. O. Box 3824
Charleston, West Virginia 25338
Tel: 304.414.1800
Fax: 304.414.1801
dthomas@tcspllc.com
pcombs@tcspllc.com
rakers@tcspllc.som

SCOTT T. DICKENS (*Statement of Visiting Attorney to be filed*)
FULTZ MADDOX HOVIOUS & DICKENS PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
Tel: 502.588.2005
Fax: 502.588.2020
sdickens@fmhd.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

AMANDA THARP, as parent and natural guardian of )
NATHAN THARP, a minor, AND )
PATRICK THARP, a minor, )
)
    Plaintiff, )  Case No. _____
) (formerly C.A. No. 12-C-265
vs. ) in the Cir. Ct. of Greenbrier
) County, W. Va.)
GENERAL ELECTRIC COMPANY, )
)
    Defendant. )

## CERTIFICATE OF SERVICE

I, Philip J. Combs, counsel for defendant General Electric Company, hereby certify that on the 25th day of February, 2013, I electronically filed the "Notice of Removal" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Bruce L. Freeman (WVSB #1291)
    FREEMAN & CHIARTAS
    P. O. Box 347
    Charleston, WV 25322
    304.342.4508
    bruce@freemanandchiartas.com

/s/ PJC
DAVID B. THOMAS (WVSB # 3731)
PHILIP J. COMBS (WVSB # 6056)
ROBERT H. AKERS (WVSB # 9622)
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
P. O. Box 3824
Charleston, West Virginia 25338
304.414.1800