IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

AMANDA THARP, et al.,

Plaintiffs,

v.                                                    CIVIL ACTION NO.   5:13-cv-03371

GENERAL ELECTRIC COMPANY,

Defendant.

MEMORANDUM OPINION AND ORDER

The Court has reviewed *General Electric Company's Motion to Dismiss* ("Def.'s Mot.")

(Document 4), wherein it requests the dismissal of the First Amended Complaint without prejudice

because the pleading violates the "letter and the spirit" of Rule 8(a)(2) of the Federal Rule of Civil

Procedure.    After careful consideration of the First Amended Complaint and Defendant's

challenge thereto, the Court denies the Defendant's motion for the reasons set forth below.

## I.      BACKGROUND

Plaintiff Amanda Tharp initiated this action on behalf of her two minor sons against

Defendant General Electric Company ("Defendant GE") for burn injuries sustained by the

children on December 31, 2010.    (Notice of Removal ("Notice"), Ex. 2. First Amended

Complaint (Document 1-2)).    Plaintiff alleges that on that day, the children's father used their

General Electric Company freestanding electric range, Model J BS03 V1WH, Serial Number

MM137503G, to cook noodles when one or more of their minor children placed or exerted weight

or force upon the open oven door causing the range to tip forward.   (First Am. Compl. ¶¶ 4, 7, 13, 19).   As the range tipped, the pot slid off the cook top and the boiling hot liquid contents spilled resulting in severe burn injuries and damages to the children. (First Am. Compl. ¶¶ 21-22).[1] Plaintiff also alleges that the burner element also became dislodged but fell to the floor where it left a burn mark.   (First Am. Compl. ¶ 23).

Plaintiff avers that the freestanding range "was designed, manufactured, marketed, supplied, sold and distributed by the Defendant"; "was re-installed in their residence by Mr. Tharp" and was substantially in the same condition as it was when it left control of GE or in a condition reasonably foreseeable for its age and expected environment.   (First Am. Compl. ¶¶ 5, 14-15).   Plaintiff also avers that the hazard of the range tipping caused by small children putting weight or force on the oven door was known or should have been known by Defendant prior to the manufacturing date of the range; that GE knew at the time it sold the range that it was capable of being tipped without a properly installed anti-tip device; and that the range presented an unreasonable risk of serious injury or death to small children if the anti-tip device was not delivered with the range, was improperly installed, or the rear leveling leg was not properly positioned with the anti-tip device.   (First Am. Compl. ¶¶ 9-10).   Plaintiff alleges that the "range, as installed, constituted a latent hazard which was not known or knowable to Mr. Tharp or the minor children."   (First Am. Compl. ¶ 17).   Plaintiff further alleges that GE knew that its anti-tip device was "habitually not being installed by persons installing such products, were installed improperly or the ranges . . . were often not properly slid into the anti-tip device rendering the devices practically useless in preventing range tipping events."   (First Am. Compl. ¶ 28.)

---

1    At the time of the injury, the children were approximately twenty-one months old and three years old.   (First Am. Compl. ¶¶ 2-3).   Consequently, Plaintiff alleges that these children are incapable of negligence as a matter of law. (First Am. Compl. ¶ 12).

Notwithstanding this knowledge, Plaintiff alleges Defendant designed and utilized a device that could not protect against tipping incidents which presented an unreasonable risk of injury "to the most vulnerable population (children and the elderly)[.]"   (First Am. Compl. ¶¶ 25-39).

As a result of the incident, Plaintiff asserts the following claims: strict liability, negligence and/or wantonness (based in part on Defendant's alleged negligent design, manufacturing testing, marketing failure to warn, failure to instruct, performance surveys, failure to recall or remedy the product and failure to advise the public of discovered hazards) and breach of the warranties of merchantability and fitness for a particular purpose.  (First Am. Compl. ¶¶ 25-59).  Plaintiff seeks, among other things, to recover damages for the personal injuries of her children, compensatory damages, future medical care expenses for her children, punitive damages, pre- and post-judgment interests, costs and other compensation.   (First Am. Compl. ¶¶ 60-65).

On February 25, 2013, Defendant removed this action by invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332 (Notice of Removal at 1) and contemporaneously filed the pending motion to dismiss. On March 11, 2013, Plaintiff resisted the motion to dismiss. (Plaintiff's Response to Defendant General Electric Company's Motion to Dismiss Pursuant to FRCP 8(a)(2) ("Pl.'s Resp.") (Document 9)).  One week later, Defendant responded.  (Reply Memorandum in Support of General Electric Company's Motion to Dismiss ("Def.'s Reply") (Document 10)).   The Court will consider the parties' arguments below.

## II.      STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint

3

is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)"  (*Id.*)   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).   This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

### III.      DISCUSSION

Defendant GE seeks dismissal of Plaintiff's First Amended Complaint for Plaintiff's failure to construct a pleading that contains "a short and plain statement" showing entitlement to relief as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure and for Plaintiff's inclusion of "evidentiary matter" in contravention of Rule 8(d)(1) of the Federal Rules of Civil Procedure.   Defendant takes issue with Plaintiff's twenty-one page pleading because it "consists largely of excessively detailed and often redundant allegations[.]"   (Memorandum of Law in Support of General Electric Company's Motion to Dismiss ("Def.'s Mem.") (Document 5) at 2.) In illustration, Defendant asserts that Plaintiff has included in the pleading:

> allegations regarding such things as the long history of GE's design and manufacture of household kitchen ranges, the deficiencies of the warnings, instructions, and safety device that GE supplied with the product at issue, the nature and feasibility of alternative designs, statements attributed to GE employees regarding various issues, the provisions of an Underwriters' Laboratories safety standard applicable to the product at issue, GE's knowledge that its safety device was not always installed, GE's knowledge of other similar incidents, as well as other gratuitous and confusing material.

4

(*Id.*)   Defendant also asserts that the First Amended Complaint contains separately numbered paragraphs with multiple sentences, compound sentences and subparts each containing multiple detailed allegations.   (*Id.*)   In sum, Defendant argues that the pleading is "so long and complex that it creates undue difficulty for [it] to answer[] and for the court, in administering the claims of the case through a jury trial."   (*Id.* at 3.)   Defendant argues that it should not be required to "incur the burden or expense" in "sift[ing] through [P]laintiff's prolix First Amended Complaint in order to identify each and every discrete allegation so that it can respond to each one in its answer." (*Id.*)   Defendant asserts that this Court should dismiss the pleading without prejudice and require Plaintiff to file a Second Amended Complaint complying with the rules of pleading.   (*Id.* at 4.)

In opposition, Plaintiff points out that notwithstanding a citation to Rule 12(b)(6) Defendant made no arguments that the First Amended Complaint should be dismissed for failure to state a claim.   (Pl.'s Resp. at 2 n.2.)   Plaintiff also argues that her pleading complies with Rule 8 in that it provides the Defendant with fair notice of the alleged claims and the circumstances giving rise to the claims and sets forth sufficient information outlining the elements of each claim. (*Id.* at 4-5).   Plaintiff asserts that her "factually specific" approach to pleading is to ensure that her "complex product liability" allegations meet the "plausibility" standard mandated in *Iqbal* and *Twombly*.[2]   (*Id.* at 6).   Finally, Plaintiff asserts that Defendant, through its motion, is attempting

---

2      In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged."   (*Id.*)   The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." (*Id.*)   Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]"   *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).   Such "factual allegations must be enough to raise a right to relief above the speculative level."   *Twombly*, 550 U.S. at 555.   "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Iqbal*, 129 S.Ct. at 1950. However, "where the well-pleaded facts do not

to "create a tactical limitations defense that otherwise would not exist" by requesting a dismissal of the First Amended Complaint without prejudice, thereby having the effect of rendering Plaintiff's claims barred by the statute of limitations.   (*Id*. at 13-14.)

In its Reply, Defendant clarifies its position to state that it does not dispute that Plaintiff has provided fair notice of the bases of the asserted claims. (Def.'s Reply at 1-2.)   However, Defendant contests Plaintiff's contention that this case is complex; maintains its assertion that responding to the First Amended Complaint will be burdensome; and refutes Plaintiff's contention that a dismissal will be decisive of the outcome of this case. (*Id*. at 2-3.)   To allay Plaintiff's concern, Defendant modifies its motion to only seek an order requiring Plaintiff to file an amended pleading in compliance with Rule 8, rather than a dismissal without prejudice.   (*Id*. at 4.)

The Court has reviewed the First Amended Compliant and finds that while the pleading can fairly be described as containing repetitive allegations, seemingly unnecessary detail and garrulous prose, the Court does not find that the pleading warrants the relief sought by Defendant. When determining whether a district court may dismiss a complaint for failure to comply with Rule 8(a), "courts have looked to various factors, including the length and complexity of the complaint; whether the complaint was clear enough to enable the defendant to know how to defend [it]self, and whether the plaintiff was represented by counsel."   (*See Sewraz v. Long*, 407 F.App'x 718, 718-19 (4th Cir. 2011) (unpublished per curiam decision) (internal citations omitted); *See North Carolina v. McGuirt*, 114 F.App'x 555, 558 (4th Cir. 2004) (A pleading failing to comply with Rule 8(a)(2) is one that "is both long and complex and fails to state its claims clearly enough for the defendants to know how to defend themselves.")).   Here, Plaintiff's pleading was drafted

---

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]"– "that the pleader is entitled to relief."   (*Id*.)   (quoting Fed.R.Civ.P. 8(a)(2)).

by counsel and, as Defendant concedes, provides fair notice of the asserted claims in this case. (*See* Def.'s Mem. at 3) ("This is a straightforward product liability case, the essence of which is that plaintiff contends that GE's product was defective and unreasonably dangerous, the defect caused injury, and plaintiff is entitled to recover damages.")   Here, Plaintiff's complaint is arguably longer than may be necessary for the asserted claims.   However, the pleading is not a per se violation of Rule 8(a) merely because it is twenty-two (22) pages.   The First Amended Complaint concerns three claims, only has three separately numbered paragraphs that contain multiple sub-paragraphs (outside of the list of damages sought), and is organized in a manner that is easy to read and understand.   A complaint is generally dismissed under Rule 8(a) if it is "substantially longer and more complex."   (*Sewarz*, 407 F.App'x at 719) (collection of dismissed cases with pleadings of varying lengths, (e.g., 155 pages, 400 paragraphs; 240 pages, 600 paragraphs; 119 pages, 385 paragraphs)).   Such is not the case here.   Moreover, the First Amended Complaint is not burdensome to the Defendant because it is easy to determine the causes of action and the allegations asserted in support thereof.   It does not require any cross-referencing and cannot be deemed conclusory.   Additionally, Plaintiff has also included two exhibits with the pleading.   However, these exhibits are limited to a picture of the freestanding range discussed in the dispute as well as a picture of the product's serial and model number. These two exhibits would not unduly tax any opposing party.   This Court is unwilling to find that dismissal is warranted in this case. Further, the Court is not inclined to find that the list of subject areas that Defendant challenges is entirely irrelevant to the asserted claims.

As stated above, the Federal Rules of Civil Procedure require a plaintiff to include in a complaint "a short and plain statement of [her/his] claim."   Historically, this requirement was to

facilitate furnishing the defendant with fair notice of the asserted claims and the grounds upon which the claims relied.   Today, a plaintiff is still required to provide a "short and plain statement of a claim."   However, a plaintiff must also allege factual context demonstrating that he/she is plausibly entitled to relief.   The mandate of *Iqbal* and *Twombly,* though, does not give a party full-fledged authority to craft a pleading that is too lengthy, convoluted and incoherent.   (*See Sewraz*, 407 F.App'x at 719 (discussing complaints dismissed under Rule 8(a))).   Nevertheless, the governing pleading in this case is not of that sort.   Consequently, the Court finds that striking or dismissing the pleading is not warranted.

## IV.   CONCLUSION

Therefore, after careful consideration and for the reasons discussed herein, the Court does hereby **ORDER** that *General Electric Company's Motion to Dismiss* (Document 4) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      June 5, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8